RENDERED: SEPTEMBER 28, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000712-DG

**FINAL**

DATE 10/19/17 Kim Redmon, DC

ROBERT MORRISON                                                      APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                     CASE NO. 2014-CA-001818-MR
HICKMAN CIRCUIT COURT NO. 14-CR-00023

COMMONWEALTH OF KENTUCKY                                            APPELLEE

## OPINION OF THE COURT BY JUSTICE WRIGHT

### REVERSING AND REMANDING

A Hickman Circuit Court jury found Appellant, Robert Morrison, guilty of escape and fleeing or evading police and found him to be a first-degree persistent felony offender. The trial court sentenced Appellant to fifteen years' imprisonment. Appellant appealed to the Court of Appeals, arguing the trial court erred in failing to strike a juror for cause,[1] and that court affirmed the trial court. Appellant sought discretionary review with this Court, which we granted. For the reasons that follow, we reverse the Court of Appeals and remand this matter to the trial court.

---

[1] Appellant also argued an unpreserved issue to the Court of Appeals; however, that issue is not before this Court.

# I. BACKGROUND

The facts underlying the escape and fleeing or evading charges for which Appellant was convicted are not at issue in this appeal. Appellant's sole issue involves jury selection. During voir dire, a juror, Mrs. Morris revealed that she was the mother of the County Attorney, Sue Ellen Morris. The judge called the juror to the bench for a colloquy. She was present during the entirety of the following exchange:

Judge:      How ya doing today, Mrs. Morris?

Juror:      Good.

Judge:      You are Sue Ellen's mother?

Juror:      Yes.

Judge:      Would that cause you any problems today sitting, hearing this case, and rendering a decision?

Juror:      I don't think so, but I didn't want—

Judge:      Well, we appreciate ya telling everybody so everybody else would know who you were.

Juror:      Okay.

Judge:      All right.

Defense:    Judge, I would ask her—for her to be excused for cause. Sue Ellen is the—Ms. Morris—I'm sorry—is the attorney who did the preliminary hearing. I just don't want there to be—albeit an appearance—and I don't think it cures it by asking her. I think there is pressure on her to say she can be unbiased and it's just too close to the case.

Judge:      All right. Commonwealth?

Prosecutor: I don't have a problem with her sitting. Like I said, I think she is gonna make up her mind.

2

Judge: Okay, Mrs. Morris, let me ask you this. Has Sue Ellen discussed this particular case with you at all?

Juror: She doesn't discuss cases with me. Which she said she wouldn't want me on a jury.

Judge: She said she wouldn't want you? That's just cause you're her mama and she's trying to give you a way out?

(All laugh)

Juror: I guess. I don't know.

Judge: She doesn't discuss any case with you?

Juror: No.

Judge: In particular, she has not discussed this case?

Juror: She has not—any cases.

Judge: And you don't have any knowledge of this case?

Juror: No.

Judge: And you don't feel like you have any bias one way or the other since Sue Ellen—which she is the County Attorney—she's not in this case. She's not going to be assisting [the prosecution] today is she?

Prosecutor: No.

Judge: She's not going to be called as a witness or anything is she?

Defense: No, Judge.

Judge: Alright. And you are asking that she be excused for cause?

Defense: Yes, I am—or even to keep her in reserve. That would be okay, too, I guess. But I don't think we're gonna have any shortage of jurors today.

3

Judge:      What says the Commonwealth?

Prosecutor: I just don't feel like it's a problem.

Judge:      Well, nor do I.  Mrs. Morris said she doesn't know anything about this case. She said Sue Ellen, the County Attorney, has not discussed any case with her. I do not find that surprising or to be unusual. I would expect nothing less of Ms. Morris, the County Attorney.  She wouldn't discuss a case going to trial. Um, Ma'am?

Juror:      Yes.

Judge:      I am gonna allow ya to remain in box. Doesn't mean you will get to stay all day, but I am gonna allow ya to remain in box. Motion overruled.

Defense:    Yes Judge.

Judge:      Thank ya, ma'am.

As shown above, the court denied the challenge for cause, finding that the juror had no actual knowledge of the case and that juror's daughter, the County Attorney, was not currently involved in the case.  The trial court also found that though she had been listed on a preliminary witness list, the County Attorney was unlikely to be called as a witness for the Commonwealth.[2]

Later, Appellant used a peremptory strike on the juror in question and noted, with specificity, the name of the petit juror he would have stricken, if the juror in question had been removed for cause.  As such, Appellant complied with *Gabbard v. Commonwealth*, 297 S.W.3d 844 (Ky. 2009) and properly preserved the issue for appellate review.

---

[2] In fact, the County Attorney was not called as a witness during the trial.

4

## II. ANALYSIS

As this Court has noted, "[l]ong-standing Kentucky law has held that a trial court's decision on whether to strike a juror for cause must be reviewed for abuse of discretion." *Shane v. Commonwealth*, 243 S.W.3d 336, 338 (Ky. 2007) (citing *Adkins v. Commonwealth*, 96 S.W.3d 779 (Ky. 2003); *Pendleton v. Commonwealth*, 83 S.W.3d 522 (Ky. 2002)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Kentucky Criminal Rule 9.36(1) establishes the standard a trial court is required to apply during voir dire: "When there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, he shall be excused as not qualified." Furthermore, this Court has recognized that a defendant's use of peremptory strikes "is beyond question a valuable right going to the defendant's peace of mind and the public's view of fairness." *Shane*, 243 S.W.3d at 339.

Our case law makes it clear that defendants should not be forced to use peremptory challenges to dismiss jurors who should be stricken for cause. "[W]hen a defendant is forced to use a peremptory strike on a juror who has not been properly excused for cause, the court has actually *taken away* from the number of peremptories given to the defendant by rule of this Court." *Id.*

Appellant argues that the mother-daughter relationship between the juror and the County Attorney rendered the juror objectively biased and

5

partial. If that relationship standing along was the sole factor, this case would be a closer call—and that question remains for another day. However, after reviewing the video of Appellant's voir dire (as quoted above), it is not the familial relationship in and of itself that tainted this juror. Rather, the juror was tainted when she became privy to the bench session on the motion to strike her for cause. By explaining the reasoning behind that motion in the juror's presence, defense counsel made the juror aware that her daughter had conducted the preliminary hearing in this case. As such, counsel telegraphed disqualifying information to the juror, regardless of whether she had previously been qualified. Since the juror was not involved in the felony prosecution, and never discussed cases with her daughter, without defense counsel's statements, she would have had no reason to know that her daughter had ever been involved in this case.

As it is, the juror was made aware that her daughter had once stood in an adversarial position against Appellant on these charges. The juror listened as defense council expressed doubt that she could be unbiased, and suggested that she was under pressure to claim impartiality. Meanwhile, the prosecutor expressed his belief that the juror could be impartial. The total effect of this juror being privy to the bench session acted to undermine "the mental attitude of appropriate indifference" that is required of a juror at trial. *Gabbard*, 297 S.W.3d at 854.

This Court has held: "Irrespective of the answers given on voir dire, the court should presume the likelihood of prejudice on the part of the prospective

6

juror because the potential juror has such a close relationship, be it familial, financial or situational, with any of the parties, counsel, victims or witnesses." *Montgomery v. Commonwealth*, 819 S.W.2d 713, 717 (Ky. 1991) (quotations omitted). We do not depart from that reasoning today, and agree that "[o]nce that close relationship is established, without regard to protestations of lack of bias, the court should sustain a challenge for cause and excuse the juror." *Ward v. Commonwealth*, 695 S.W.2d 404, 407 (Ky. 1985).

The juror in this case is analogous to the "doubtful jurors" for which this Court has reversed trial courts for failing to strike. The fact that the adversarial post the juror's daughter occupied was "only" as the attorney conducting the preliminary hearing is irrelevant. For example, in *Ordway v. Commonwealth*, the juror in question was the sister of a victim's advocate who was working with the Commonwealth. 391 S.W.3d 762, 782 (Ky. 2013). A victim's advocate does not normally testify, advocate, or even speak in front of the jury. Yet, this Court noted that "[g]enerally, the victim's advocate in a criminal case tends to be viewed as favoring, on the victim's behalf, retribution against the defendant, and thus is generally allied with the interests of the prosecutors." *Ordway*, 391 S.W.3d at 782.

The County Attorney represented the Commonwealth of Kentucky in the preliminary hearing and must necessarily be viewed as "allied with the interests of the prosecutors." *Id.* In finding reversible error due to the trial court's failure to strike the victim's advocate's sister for cause, we stated:

> In recent cases we have indicated that, when there is uncertainty about whether a prospective juror should be stricken for cause, the prospective juror should be stricken. The trial court should err on the side of caution by striking the doubtful juror; that is, if a juror falls within a gray area, he should be stricken. We have attempted to make this fundamental rule clear in a series of cases since *Shane v. Commonwealth*, 243 S.W.3d 336 (Ky. 2007). Nevertheless, all too often trial courts, as here, inexplicably put at risk not only the resources of the Court of Justice, but the fundamentally fair trial they are honor-bound to provide, by seating jurors whose ability to try the case fairly and impartially is justifiably doubted.

*Id.* at 780. This Court has recently stated: "[t]rial judges are possessed of great authority to enlarge jury panels or change venues. They don't have to imperil their cases with such miserly voir dire practices." *Sluss v. Commonwealth*, 450 S.W.3d 279, 285 (Ky. 2014). There is no reason for a trial court to imperil the integrity of its proceedings by retaining questionable jurors.

After a careful review of the proceedings, we find that the trial court abused its discretion by denying Appellant's motion to strike the juror at issue for cause.

### III. CONCLUSION

For the foregoing reasons, we reverse the decision of the Court of Appeals, and remand this matter to the Hickman Circuit Court for further proceedings consistent with this opinion.

All sitting. All concur.

8

COUNSEL FOR APPELLANT:

Shannon Renee Dupree
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General

Gregory C. Fuchs
Assistant Attorney General